[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13617
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:11-cr-00016-MCR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRANDEN M. SCOTT,
a.k.a. Kasteel,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 11, 2012)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Branden Scott pled guilty to one count of receiving child pornography, 18 U.S.C. §§ 2252A(a)(2), (b)(1), and one count of transporting child pornography, 18 U.S.C. §§ 2252A(a)(1), (b)(1). The district court sentenced Scott to concurrent 180-month sentences for each count, which was within the lower half of the guidelines range of 168 to 210 months. On appeal, Scott challenges the substantive reasonableness of his sentence on the ground that U.S.S.G. § 2G2.2, the guideline under which his sentence was calculated, is fundamentally incompatible with the individualized sentencing required under 18 U.S.C. § 3553(a).

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

We have previously rejected the argument that U.S.S.G. § 2G2.2 is inherently flawed. *United States v. Wayerski*, 624 F.3d 1342, 1354–55 (11th Cir. 2010); *United States v. Pugh*, 515 F.3d 1179, 1201 n.15 (11th Cir. 2008). Scott's reliance on a Second Circuit case criticizing § 2G2.2, *United States v. Dorvee*, 616

F.3d 174 (2d Cir. 2010), is therefore misplaced, as the prior precedent of this circuit binds the panel until "overruled by th[is] Court sitting en banc or by the Supreme Court," *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009). Scott does not cite to, nor does he attempt to differentiate his case from, any of our precedent related to § 2G2.2.

Scott has not argued that any circumstances apart from the flawed nature of U.S.S.G. § 2G2.2 render his sentence unreasonable. Upon our review, the record reflects that the district court considered the sentencing factors under 18 U.S.C. § 3553(a) and applied them reasonably. The district court, therefore, acted within its discretion and imposed a substantively reasonable sentence on the lower end of the guidelines range.

**AFFIRMED.**